USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 99-1087 BARRY LEHMAN, Plaintiff, Appellee, v. REVOLUTION PORTFOLIO, LLC, Third-Party Plaintiff, Appellee, v. STUART A. ROFFMAN, Third-Party Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] Before Selya, Circuit Judge,  Campbell, Senior Circuit Judge,  and Boudin, Circuit Judge.    David Berman for appellant. Paul M. McDermott with whom Jonathan W. Fitch and Sally &Fitch were on brief for third-party plaintiff, appellee RevolutionPortfolio, LLC.SEPTEMBER 23, 1999   Per Curiam. The appeal before us is from the districtcourt's denial of a motion under Fed. R. Civ. P. 60(b) to revisit the earlier judgment granted in favor of the appellee's predecessor in interest. The judgement sought to be reopened was affirmed by this court in Lehman v. Revolution Portfolio LLC, 166 F.3d 389 (1stCir. 1999), which provides the pertinent background. Having considered the record and the arguments of bothsides, we are satisfied that several of the grounds on whichappellant urges that the judgment be reopened are ones that were orshould properly have been submitted to the district court prior toits entry of summary judgment; appellant does not show any adequatejustification for considering them at this late date, apart fromhis disagreement with the legal conclusions of the district court.See Hoult v. Hoult, 57 F.3d 1, 5 (1st Cir. 1995) (wrongly decidedpoint of law not grounds for relief under Rule 60(b)).  There are two other arguments that appellant claims haveonly become available subsequent to the summary judgment due tochanged circumstances or newly revealed facts. Without decidingwhether this avoids the Rule 60(b) bar, it is enough to say thatthe district court rejected both arguments on the merits, and weagree with the district court's reasoning and see no need forfurther discussion of the assignments of error. Affirmed.